THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*, v. THE CITY OF CHANUTE et al., *Appellants*.

No. 18,369.

SYLLABUS BY THE COURT.

TAXATION—*Assessments—Street Paving—Injunction*. Where a railroad company, at its own expense and by virtue of a city ordinance, paves one-half of a street adjoining its station grounds, it is not liable to an assessment for the paving by the city of the other half.

Appeal from Neosho district court. Opinion filed July 5, 1913. Affirmed.

*S. C. Brown,* city attorney, for the appellants; *H. P. Farrelly,* and *T. R. Evans,* both of Chanute, of counsel.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *John J. Jones,* of Chanute, for the appellee.

The opinion of the court was delivered by

PORTER J.: The city appeals from a judgment permanently enjoining the collection of special assessments for street paving. In November, 1909, the city passed an ordinance authorizing the railway company, at its own expense, to grade, gutter and pave the east forty-six feet of South Grant avenue, in the city of Neosho, for a distance of one block adjoining plaintiff's right of way and station grounds. Soon after the railway company had completed and paid for the work, the city proceeded to grade and pave thirty-eight feet of the west side of the street adjoining the part already paved by the railway company; and, by ordinances duly passed, caused one-half of the additional cost to be assessed against the plaintiff's right of way. The trial court found generally for the plaintiff.

The two assignments of error are: First, that there was no evidence to warrant a finding that the city adopted the improvement made by the company as part of a scheme or plan for the improvement of the entire street; second, that under the facts and the law the equities of the case entitle the city to a judgment in its favor. We do not concur in either contention. There was evidence sufficient to sustain the judgment, and obviously the trial court held it to be most inequitable and unjust for the city to attempt to charge the railway company with half the cost of the city's share of the improvement, after the railway company, under the authority of the city, had paid for improv-

ing more than half of the street. The adoption by the city of the work paid for by the company was not in any sense an attempt to exempt the railway company from paying its full share of the cost of paving the street.. As a matter of fact, the plaintiff paid for improving forty-six feet of the street, while the city, or owners of property abutting on the west side of the street, will be assessed for the cost of only thirty-eight feet of paving.

While it is doubtless true that the railway company was greatly benefited by the improvement it paid for, in being able to furnish its patrons with better conveniences for reaching its station and freight platforms, it appears that the portion paved by the company is open to the public as a street, and it must not be forgotten that the patrons of the railway are the public.

The judgment is affirmed.